## ALL v. HIERS.

APPEAL dismissed at instance of respondent, because the "Case" does not contain the judgment appealed from. MR. JUSTICE GARY *dissents.*

Before          J., Barnwell, February, 1900. Appeal dismissed.

Action by Jones H. C. All against C. M. Hiers for penalty for accepting usurious interest. Plaintiff appeals.

*Mr I. L. Tobin,* for appellant. No citation on point decided.

*Messrs. J. O. Patterson* and *Bellinger & O'Bannon,* contra, cite : *Appellant must show what verdict was rendered thereon, otherwise his appeal must be dismissed:* 40 N. E., 797 ; 33 S. E. R., 454 ; 42 S. C., 183 ; 42 S. C., 369.

March 23, 1901.   The opinion of the Court was delivered by

MR. JUSTICE POPE.   The plaintiff was indebted to the Bank of Allendale, in this State, in the sum of $3,500, which sum was evidenced by plaintiff's promissory note, due in November, 1893, with his nephew, W. A. All, jr., as his accommodation indorser, and with a mortgage of all his real real estate as a further security.   It seems that the Bank of Allendale had consented to a renewal of this indebtedness in 1892, but when it matured in the fall of the year 1893, it declined any further renewal.   The year 1893 had been brim full of disasters to the farmers by reason of the August storms of that year.   Under these circumstances the plaintiff was naturally distressed, not only on account of his own danger, but as well the disaster which might result to his accommodation indorser.   Therefore, when the defendant, C. M. Hiers, offered to take up by assignment from the Bank of Allendale and carry the debt for three years, in consideration of $1,000 and twelve per cent. interest on that sum, the plaintiff, Jones H. C. All, accepted such proposition. C. M. Hiers fulfilled his contract, and the plaintiff, All, paid what he had stipulated.   After All, the plaintiff, finished paying the indebtedness, to wit: 16th August, 1899, he began an action against C. M. Hiers, to collect the $1,000, plus $340 interest thereon, as usurious interest he had paid Hiers; and not only so, but double that sum, $2,680, under sec. 1319 of our General Statutes relating to usury.

The defendant by his answer made a general denial, and also that more than three years had elapsed since the completion of the transaction which was deemed usurious.   And also that the plaintiff had assigned his causes of action to his wife after he had begun his action.

After the parties were at issue, a trial was had before the Circuit Judge and a jury.   Quite a mass of testimony was offered on each side.   The Circuit Judge charged the jury. The record fails to disclose what the verdict of the jury was. The plaintiff gave notice of his intention to appeal "from

the judgment upon the verdict in this case," without disclosing in whose favor the verdict of the jury actually was. The respondent, C. M. Hiers, asks that the appeal be dismissed on that ground. If this Court should agree to adopt the respondent's view, that the appeal should be dismissed, of course no necessity exists to examine the grounds here presented. The rule of this Court requires that a "Case" must contain "the judgment, order, finding, ruling or decision complained of." There is an absolute failure to indicate what the judgment was or what the verdict was. It seems to us that the appellant has failed to state his case, and his appeal must be dismissed.

It is the judgment of this Court, that the appeal be dismissed.

MR. JUSTICE JONES. I regret that the rules of law require my concurrence in this judgment, for I am impressed that upon a proper "Case" made, there would be some merit in appellant's exceptions; but as it is incumbent on an appellant to show *prejudicial* error, and as the "Case" fails to show that any judgment on verdict has been rendered against, or unfavorable to, appellant, no reversible error appears by the record; and no application has been made to correct the record.

MR. JUSTICE GARY. Being unable to concur in the opinion of Mr. Justice Pope, I will state briefly the reasons why I dissent: Rule V., from which he quotes, also provides that the "Case" shall set forth "the names of all parties to the action, designating which of them are appellants and which are respondents." It appears in the "Case" that the plaintiff is the *appellant* and the defendant *respondent*. Such being the case, the only verdict under the pleadings which the jury could properly have rendered was: "We find for the defendant." In the absence of a showing to the contrary, it will be presumed that the verdict was in conformity to law. *Omnia presumuntur rite esse acta.* The defendant has not in any

manner been prejudiced by the inadvertent omission. The rules of Court were intended to aid in the hearing of appeals and to prevent unnecessary delays. Technical objections play a useful part when they subserve the ends of justice, but not when they work injustice. We have no doubt, *from inspection of the record,* that the jury rendered a verdict in favor of the defendant.

We, therefore, dissent.