### HUTMACHER v. CHARLESTON CONSOLIDATED RAILWAY, GAS AND ELECTRIC CO.

1. EXCEPTION based on a point not made below, will not be considered.
2. EVIDENCE—CONTRADICTION OF WITNESS.—It is competent to contradict the statements of a witness made in writing and admitted by opposing counsel, on motion for continuance, as the evidence of the witness, if present, by an affidavit made by such witness at another time and place, when, on motion for continuance, opposing counsel went to trial upon the understanding that he could contradict the statement, and after stating that he would do so in that way.

Before ALDRICH, J., Charleston, March, 1901.   Affirmed.

Action by August C. Hutmacher against Charleston Consolidated Railway, Gas and Electric Co.   From order refusing motion for new trial, defendant appeals.

*Messrs. Mordecai & Gadsden,* for appellant, cite: *Such contradictory evidence is incompetent:* 44 Ill. App., 46; 22 Ia., 435; 29 Ia., 458; 30 Ala., 672; 3 Jones on Ev., sec. 849; 48 Md., 178; 65 Md., 561; 21 L. R. A., 428; 15 S. C., 390; 24 S. C., 195; 75 Mo., 416; 61 Miss., 61.

*Messrs. Mitchell & Smith, contra,* cite: *Ground of objection not stated below will not be considered here:* 27 S. C.,

226; 28 S. C., 219; 29 S. C., 151; 31 S. C., 608; 41 S. C., 120; 46 S. C., 175; 53 S. C., 71, 80; 60 S. C., 13; 84 F. R., 436. *Party may reserve the right to contradict an affidavit for continuance:* 25 P. R., 289; 16 Mich., 507; 35 F. R., 484; 44 S. C., 349; 1 Mill., 34. *Rule that witness must be advised of intention to contradict him, does not apply to party interested in cause:* 15 S. C., 390; 43 S. C., 104; 47 S. C., 566; *nor to admissions of agent:* 88 Ky., 493; 17 Mass., 160; 22 Conn., 262.

March 17, 1902.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    In this action for damages for personal injury through alleged negligence of the defendant company, the plaintiff recovered a verdict, and the defendant moved for a new trial on the minutes of the Court for assigned error in the admission of certain evidence.    New trial having been refused, the defendant now appeals to this Court.    The case before us fails to show whether any judgment had been entered upon the verdict rendered, and as this Court has frequently held that it will not consider appeals from a verdict merely, this would be sufficient ground for a dismissal of the appeal.    *All* v. *Hiers,* 59 S. C., 557.

We will, however, say that the exceptions taken cannot be sustained.    When the case was called for hearing, the defendants moved for a continuance on account of the absence of a witness, John Dorn, who was motorman in charge of the car that ran over and injured plaintiff, upon an affidavit by one of the defendant's counsel, which, among other things, contained a statement of what said witness would swear if present, previously made in writing by the witness himself.    The case shows that "After the reading of this affidavit, the presiding Judge asked if counsel for plaintiff would admit that the witness if present would testify for the defendant to the effect set out in the affidavit, and go to trial or not.    Plaintiff's counsel stated that he would be willing to admit that the witness if produced would testify in chief

to the effect set out in the affidavit, provided that they would be allowed to contradict; and added, that he had the written statement of the witness, with which he would desire to contradict him. The Judge stated that the plaintiff's counsel would have the right to contradict the witness by any competent testimony; and defendant's counsel then said yes. that the plaintiff's counsel could contradict the witness by any competent testimony; and thereupon plaintiff's counsel said that he would admit that the witness, if produced by defendant, would testify on his examination in chief to the effect stated in the affidavit; and the jury was accordingly sworn and the parties went to trial." As part of the evidence, counsel for defendant read the affidavit used in the motion for continuance. In reply, plaintiff offered in evidence an affidavit by the said witness, Dorn, for the purpose of contradicting the statements contained in the affidavit for continuance. When this affidavit was offered, counsel for defendant objected on the general ground that affidavit in reply was not competent. The plaintiff then, under the ruling of the Court, put on the stand the notary who took the affidavit, and proved the making of the affidavit. Then the affidavit was again offered in evidence. Defendant's counsel objected generally, that the affidavit was incompetent for any purpose, and after cross-examining the notary, renewed objection as thus shown in the case: "Counsel for defense renews objection to introduction of affidavit on the ground that when a witness cannot be brought into Court, counsel proposing the witness can make an affidavit of what witness would testify to if present, in which case opposing counsel have one or two alternatives, either to continue the case, when they themselves can set the machinery of the Court in motion and have the witness brought before the Court and have him present at the next term; or if they do not take advantage of that position, then the law provides that if the witness were on that stand, subject to all the tests of examination, he would testify as contained in the affidavit. That is the alternative counsel have selected, and they cannot

now contradict that testimony by affidavit or otherwise. The Court held : I will admit the statement as proven and overrule the objection. Exception noted."

The ground of objection now taken to the evidence is that it was not competent to contradict the statements of the witness by other statements of said witness without laying the usual grounds for such contradiction. The exceptions must be overruled—first, because it does not appear that any such objection was urged before or considered by the Circuit Court; and second, because plaintiff's counsel having advised the defendant's counsel and the Court that he proposed to contradict by the witness' own written statement, and having admitted in evidence said witness' statement in behalf of defendant, under circumstances which would reasonably lead him to suppose that he would be allowed to contradict said witness, ought not to be held to the strict rule as to laying the foundation by advising the witness of time, place and circumstances, when it was impossible of performance by reason of the absence of the witness and the want of opportunity to cross-examine and advertise the witness. The reasons upon which such rule of evidence is founded are not applicable to the particular and exceptional circumstances presented in this case.

The exceptions are, therefore, overruled, the appeal dismissed, and the judgment of the Circuit Court affirmed.