### SIMS v. SOUTHERN RY.

1. NONSUIT.—AN APPEAL lies from an order of nonsuit without entry of judgment thereon.

2. IBID.—RAILROADS—NEGLIGENCE—MASTER AND SERVANT—FIREMAN.— In this action for personal injury to a fireman, there being some evidence tending to show that defendant was negligent in keeping its road-bed and engine in repair, that the engine was old and worn, that engineer was sub-principal in keeping engine in repair, and that these were the proximate cause of plaintiff's injury, nonsuit was improperly granted. Duties of employer to employee as to furnishing safe machinery and careful servants and rule as to questions for jury in cases of negligence, stated.

Before DANTZLER, J., Kershaw, September, 1902. Reversed.

Action by Ransom Sims against Southern Railway Co. From order of nonsuit, plaintiff appeals.

*Mr. W. D. Trantham,* for appellant, cites: *Duty of master in furnishing machinery:* 20 Ency., 913; 15 S. C., 443; 18 S. C., 275; 40 S. C., 109; 34 S. C., 281. *Liable for negligence of inspector:* 12 Ency., 958, 962; 23 S. C., 531; 18 S. C., 268; 67 F. R., 569; 34 U. S., 1; 39 S. C., 750. *Engineer controls fireman:* 12 Ency., 986; 51 S. C., 447; 56 S. C., 446; 60 S. C., 10; 61 S. C., 468.

*Messrs. B. L. Abney* and *E. M. Thomson,* contra, cite: *No appeal lies from order of nonsuit without entry of judgment thereon:* 63 S. C., 123; 59 S. C., 557. *Mere fact of injury to an employee does not raise presumption of negligence:* 1 Bail. P. I. M. & S., secs. 1597, 1659; 179 U. S., 658; 166 U. S., 117; 48 S. C., 383. *Master is not required to furnish absolutely safe appliances:* 34 S. C., 214; 51 S. C,. 308; 15 S. C., 456; Black's Law and Pr. in Acc. Cases, sec. 176. *Injury must be proximate cause of negligence charged:* 21 S. C., 470; 26 S. C., 490; 57 S. C., 435; 33 S. C., 198; 45 S. C., 278; 58 S. C., 493. *Engineer and*

*fireman are fellow-servants:* 1 McM., 385; Con., art. IX., sec. 15; 56 S. C., 446.

July 2, 1903. The opinion of the Court was delivered by MR. CHIEF JUSTICE POPE. The questions raised by this appeal grow out of a nonsuit granted by his Honor, Judge Dantzler, after plaintiff had closed his testimony in a trial before a jury. The plaintiff had alleged in his complaint that while in the employ of the defendant as a fireman on the steam engine known as "No. 29," he had received injuries to his head, his back, his leg, his ankle, his knees, his neck and his eyes, which injuries occurred to him by reason of the gross negligence of the defendant in failing to keep its roadbed from Camden to Kingsville in proper and first class repair, for want of work and new crossties, particularly where the two wheels of the engine broke off or ran off of said "No. 29," and also that it was grossly negligent in that it suffered to be used on its road an old and worn out engine as "No. 29" was, which was liable to break down at any time, and also that it was grossly negligent not to have one of its steps to its cab repaired. The plaintiff had offered testimony on each allegation of negligence of the defendant. But at the close of plaintiff's testimony a motion for a nonsuit was made by the defendant on the following grounds:

"1. There has been no evidence offered showing or tending to show any negligence on the part of the defendant company. In other words, that under the decisions of the Supreme Court of the State, it is not only necessary for the plaintiff in a case of this kind to show that the injury results from the defective machinery, but the proof must go further and show the master's negligence or want of reasonable care in purchasing and overlooking the machinery, was the cause of his having defective machinery in use.

"2. There is no evidence showing or tending to show that the alleged negligence was the proximate cause of the alleged accident and injury.

"3. Even assuming that there is evidence showing or tending to show any negligence, that then, under the testimony of the plaintiff, it is the negligence of the engineer of the train on which he was employed, who was his fellow-servant, and for which negligence the railroad company is not liable."

In granting, and preliminary to granting, the nonsuit, the Circuit Judge said: "It is not only incumbent upon the plaintiff to show that there was defective machinery, but it is also incumbent upon the plaintiff to show that the master did not exercise reasonable care in overlooking the machinery. Now, those are two facts which the plaintiff must prove when he seeks to recover damages by virtue of defective machinery—two things: first, must show the machinery was defective, and in the next place must show the master was negligent in not exercising reasonable care in overlooking the machinery.

"Now, as I intimated yesterday, it would be almost childishness on my part, certainly I would not be measuring up to my full responsibility, if I considered the testimony in a case as not showing, as not tending to show, or as not being responsive to the allegations of the complaint, and let the case go to the jury, and allow about two hours to be consumed in argument, and if the jury find a verdict in favor of the plaintiff, set it aside. It would amount to my shirking my responsibility for the time being to place it upon the jury, and if the jury fail to render a proper verdict, in my judgment, then to assume, or reassume, the responsibility and set the verdict aside. I am not disposed to grant nonsuits if there is any evidence at all, but I thought about this question after I left here last night. So far as I can see from the testimony, I cannot recall any testimony which tends to show that the defendant in this case was guilty of negligence, and that being incumbent upon the plaintiff to show, and having failed to show that, I will have to grant the nonsuit. I don't see any other escape from it. Prepare the order."

"*Order for Nonsuit.*—A motion for nonsuit having been made herein, at the close of plaintiff's testimony, upon the grounds taken down by the stenographer, it is, after argument, ordered, that the motion be granted upon the grounds and for the reasons stated orally by the Court, and taken down by the stenographer."

Thereupon the plaintiff appeals from the order on the following grounds:

"1. Because his Honor erred in holding that there was no evidence showing, or tending to show, that the alleged injury resulted from negligence on the part of the defendant.

"2. Because his Honor erred in that he did not hold that the evidence, that the axles of the engine had 'old cracks' in them when they broke off, that the engine was old and worn and 'jerked on its boxes,' and that it was in that respect defective, and that such was evidence that should have gone to the jury.

"3. Because his Honor erred in that he did not hold that the evidence showed, or tended to show, that the track was in bad repair, and that in passing over it the engine was jostled, jolted or bumped at the time or immediately before the wheels broke off.

"4. Because his Honor erred in that he held that there was nothing to show that the defendant did not exercise reasonable care in overlooking its machinery and track.

"5. Because his Honor erred in that he did not hold that the condition of the engine as to the 'old cracks' and the breaking of the axles, coupled with the fact that the same engine had broken off the axles of its driving wheels the year before, and the condition of the track at the time or immediately before the wheels ran off, as evidenced by the jolting or bumping of the engine, was such evidence as should have gone to the jury, who should have determined whether the defendant exercised reasonable care in overlooking its machinery and track.

"6. Because his Honor erred in that he did not hold that,

if the injury resulted from the failure of the engineer to examine or inspect the engine, such failure or negligence of the engineer cannot affect the plaintiff, who was his fireman, and acting, as shown by the evidence, under and by his direction.

"7. Because, if the injury resulted from the failure of the engineer to examine the engine, the defendant could not thereby be relieved of responsibility, for the reason that, in making such examination or inspection, the engineer would be performing a duty which the law requires of the master, and, if the casualty occurred by reason of the failure of the engineer to properly inspect the engine, such failure was the negligence of the defendant."

The defendant gave notice of the following additional reasons why the order of the Circuit Court should be sustained as follows:

"1. Because his Honor should have sustained the second ground for nonsuit submitted by the defendant, which was as follows, to wit: '2. There is no evidence showing, or tending to show, that the alleged negligence was the proximate cause of the alleged accident and injury.'

"2. Because his Honor should have sustained the third ground for nonsuit submitted by the defendant, which was as follows, to wit: '3. Even assuming that there is evidence showing, or tending to show, any negligence, that then, under the testimony of the plaintiff, it is the negligence of the engineer of the train of which he was employed, who was his fellow-servant, and for which negligence the railroad company is not liable.' "

Before we consider these allegations of specific error in the Circuit Judge, it becomes necessary to dispose of the preliminary point made by the respondent, that the appellant cannot maintain his appeal herein because the record fails to disclose that any judgment was taken in the Court below on the order for nonsuit, and the respondent relies on the two cases of *All* v. *Heirs,* 59 S. C., 557, 38 S. E., 157, and *Hutmacher* v. *Ry. &c. Com-*

*pany,* 63 S. C., 123, 40 S. E., 1029, for author-
ity for this position. Rule V. of this Court holds that
whenever an appeal is taken, the "Case" must contain
among other requirements, as subdivision 9, "The judg-
ment, order * * * complained of," and subdivision "13,"
"The date of judgment or order appealed from." This,
the "case" here fully conforms to. The cases relied on do
not sustain the respondent's contention, for the case of *All
v. Heirs, supra,* only related to the entire absence of any
"verdict" in the case, so that it did not appear in whose favor
the jury found their verdict, and the case of *Hutmacher* v.
*Railway Co., supra,* merely holds that you cannot appeal
from a verdict unless a judgment has been entered thereon.
A verdict may be set aside by the Circuit Court; hence,
where there is a verdict, of course, the same, to be a finality,
must be supported by a judgment. Not so, however, in the
case of a nonsuit. No other Circuit Judge can interfere
with an order for a nonsuit. It is a finality, unless re-
versed upon appeal to this Court. We overrule this point
raised by the respondent.

We will recur now to the points raised by the appellant.
In *Gunter* v. *Graniteville Manufacturing Company,* 15 S.
C., at pages 456 and 457, the late Chief Justice Simpson,
as the organ of this Court, in an admirable opinion, lays
down these rules as between employer and his em-
ployees: "Where an injury has happened to a ser-
vant or employee, the master's liability is fixed as
follows: If the injury results from the master's own negli-
gent act, or from that of one of his representatives, he is
*prima facie* liable. If it results from defective machinery or
the negligent act of a coservant with the injured party, he
is not responsible, unless the proof shall go further and show
that the master's negligence or want of reasonable care in
purchasing and overlooking the machinery, or in employing
and supervising his servants, was the cause of his having
defective machinery in use and negligent servants engaged."
And on page 457 of that opinion it is stated: "The rule, the

one adopted, is a medium line, which holds the employer responsible for that part of the work which falls to him, either personally or through his agents—*i. e.,* the proper selection and superintendence of both his operatives and his machinery. He is a guarantor that all reasonable and proper care shall be exercised in the performance of these duties, and his liability should be limited to a failure to meet his obligations in this respect."

We deem these observations as declaratory of the law as it exists to-day, between the master and the servant. Again, in this same connection, it will be well to recall some other observations in the same opinion of the late Chief Justice Simpson; at page 458 it is said: "Inasmuch as negligence is a thread which runs through and is common to all these questions, it will not be amiss to understand clearly at the beginning what is the meaning of this. Mr. Wharton, section 1, page 1, defines negligence as correctly as it can well be done. He says: 'That negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such a person under existing circumstances would not have done, the essence of the fault being either in omission or commission." And further, in the same opinion of Chief Justice Simpson, he states, after laying down the three classes of cases in which an employee may recover damages against his employer, "In these several classes of cases there are always both questions of fact and of law. For instance, in the first, a question of fact may arise whether the party defendant is the employer or a subordinate principal. In the second, whether the party causing the injury is a co-laborer; and, in the third, whether the machinery is unsafe and defective, and if so, whether known or unknown to the employer. These questions of fact, with such others as may be involved when they arise in the case, must, of course, be tried by the jury."

When we come to consider the case at bar, we find that the plaintiff introduced testimony in support of the allega-

tions of his complaint as to defendant's negligence.   If at the close of his case the plaintiff's testimony did not materially affect the issues tendered by him, why there was a failure on his part which would justify the Circuit Judge in granting the nonsuit.   But a careful examination of the testimony does not cause us to adopt the views of the Circuit Judge, that the plaintiff's testimony was a failure.   We think there was some material testimony affecting the issues in this action.

1. The plaintiff was certainly an employee or servant of the defendant.

2. There was some testimony that the engineer was a sub-principal of the defendant as to the inspection of the machinery.

3. There was some testimony that the road had not been "surfaced up" after the new crossties were inserted, making the track cause the engine to bump up and down.

4. There was some testimony that the engine was eighteen or twenty years old, and that two of its wheels broke off.

5. There was some testimony that this engine was broken down one year before this accident occurred.

6. There was testimony uncontradicted that there were old cracks on the axle of the engine which broke at the time the plaintiff was injured.

7. There was some testimony that after the wheels of the engine broke off, that its steam and smoke were so great as to drive the engineer and fireman from the engine.

8. There was some evidence that the plaintiff was seriously injured.

Under the principles of law we have announced as governing such cases and, under these circumstances as to the testimony, the plaintiff had the right to have his action passed upon by the jury, which was denied him by the Circuit Judge.   We, therefore, sustain the plaintiff's exceptions.

We cannot sustain the additional grounds of the defendant, offered to support the Circuit Judge's order for nonsuit.

1. There was some evidence tending to show that the injuries of the plaintiff were caused proximately by the negligence of defendant. It was defendant's duty to give to the plaintiff suitable and safe machinery, and keep it in repair.

2. There was some testimony going to show that the defendant made its engineer coprincipal in regard to repairs to the engine.

We desire to say that we express no opinion as to the weight or sufficiency of any of the testimony here referred to. These exceptions are overruled.

It is the judgment of this Court, that the order for nonsuit of the Circuit Court be reversed, and that the action be remitted to the Circuit Court for trial.