7722

BOWEN v. JOHNSON.

1. AN APPEAL lies from an order granting a nonsuit.
2. NONSUIT.—There being some proof here tending to support the allegations of the complaint, that defendant had employed plaintiff's intestate to obtain an option for him on a large tract of land for which he was to pay him twenty-five cents per acre, that the option was obtained and the land purchased, nonsuit was improperly granted.
3. REHEARING refused.

Before SHIPP, J., Greenville, March Term, 1909. Reversed.

Action by Olivia V. Bowen, Administratrix of James O. Bowen, against R. E. Johnson. From order of nonsuit, plaintiff appeals.

*Mr. Adam C. Welborn* for appellant, cites: *Court should have allowed plaintiff to amend her complaint to conform to the proof:* 48 S. C. 298, 565; 50 S. C. 397; 73 S. C. 368; 16 S. C. 232; 12 S. C. 175; 26 S. C. 422; 59 S. C. 87. *Nonsuit should not be ordered where there is any testimony tending to support the allegations of the complaint:* 44 S. C. 316.

*Messrs. John C. Gettings* and *McCullough & Blythe,* contra. *McCullough & Blythe* cite: *Appeal from an order overruling motion for new trial will not be considered:* 73 S. C. 234, 434; 85 S. C. 101. *Appeal only lies from final judgment entered and "case" does not show this:* 59 S. C. 215; 85 S. C. 82. *The privilege of amending does not apply where a party has lost his case:* 21 S. C. 226.

The opinion in this case was filed on November 16th, but remittitur held up on petition for rehearing until

November 29, 1910. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This is an appeal from an order granting a nonsuit. Respondent makes the preliminary point that the order is not appealable, and cites the case of *Barker* v. *Thomas,* 85 S. C. 82, in support of that position. That case is authority for the proposition that an order refusing nonsuit is not appealable, until after final judgment. But the Court has not held that an order granting a nonsuit is not appealable. There is no other way to test the correctness of such a ruling, for so long as the order of nonsuit stands, there can be no final judgment on the merits. The Court held in *Publishing Co.* v. *Gibbes,* 59 S. C. 215, 37 S. E. 753, and in *Sims* v. *Ry.,* 66 S. C. 525, 45 S. E. 90, that an order granting a nonsuit is appealable.

When the Court announced its decision on the motion for nonsuit, plaintiff's attorney asked to be allowed to amend his complaint to conform to the proof. The Court refused the motion. As the plaintiff's attorney did not state the particular amendment he desired to make, we cannot say whether or not there was error in refusing the motion. His conception of conforming the complaint to the proof may have resulted in a substantial change in the plaintiff's claim, or the insertion of an entirely different cause of action.

The allegations of the complaint are in substance: That defendant employed J. O. Bowen, plaintiff's intestate, to purchase 20,000 acres of timber land at not more than $3.50 an acre, and agreed to pay him for his services 25 cents an acre; that Bowen secured for defendant an option on the Gennett lands, containing 20,000 acres, at $3.50 an acre, and paid $500 therefor; that defendant afterwards completed the purchase by paying the balance according to the contract made for him by Bowen, and paid Bowen the $500, which he had paid for the option, but refused to pay him 25 cents an acre for his services in making the purchase.

266

BOWEN *v.* JOHNSON.

R. E. Bowen, a son of plaintiff's intestate, testified that he heard the defendant tell his father that he would give him 25 cents an acre on the Gennett land,—both before and after the deal was made; and heard defendant say he had purchased the Gennett land. W. M. Bowen, another son of plaintiff's intestate, testified that defendant discussed the transaction with him, and told him that his father was to get 25 cents an acre on the Gennett land deal, and that he had just about closed it; that he heard his father and defendant discussing it about the time they were closing the transaction. W. H. Charles, a witness for plaintiff, testified that he was bookkeeper and private secretary for defendant, and was in his office when the Gennett land deal was closed; that defendant purchased the land from Gennett for 77,000 and odd dollars, and sold it the same day to the Three State Lumber Company for $98,685; that J. O. Bowen was present and defendant gave him a check for $500, and said: "I have sold the land on a credit, and when I get a settlement, I will pay you the balance I owe you;" that he did not say what the balance was; but he had heard defendant say he was to give Bowen 25 cents an acre on the Gennett deal; he also said that there were 20,000 acres in the Gennett purchase.

While there was no direct testimony that Bowen secured the option, as alleged in the complaint, or that the purchase was made under an option secured by him at the price alleged in the complaint, or that he was instrumental in the making of the purchase by defendant, the jury might reasonably have inferred that such were the facts from all the testimony. We must not be understood as holding that such inferences should be drawn from the testimony, for that is exclusively the province of the jury. As there must be a new trial, we refrain from discussing the testimony. There being some testimony to support all the material allegations of the complaint, the nonsuit was improperly granted.

Reversed.

November 29, 1910. PER CURIAM. On consideration thereof, ordered that the within petition be dismissed and the stay of remittitur revoked.