9428

### BUCKEYE COTTON OIL CO. v. MATHESON *ET AL.*

#### (89 S. E. 478.)

1. SALES — BILLS OF LADING — DELIVERY TO CARRIER — EFFECT. —Where goods were shipped on straight bill of lading and the consignee by contract released the carrier on delivery at its siding, the fact that a draft on the consignor's agent was attached would not rebut the presumption that title passed on delivery to the carrier, since the draft in no way affected delivery, as to which there was no indication on the bill of conditions precedent.

2. FRAUDS, STATUTE OF—SUFFICIENCY OF INSTRUMENT—SEVERAL WRITINGS.—To take a case out of the statute of frauds, a contract may be made up of several writings.

3. CONTRACTS—ACTIONS—NATURE—SEVERAL WRITINGS.—Where plaintiff proved a contract between defendant and a third person and another contract between such third person and plaintiff on the same subject-matter, the recovery was on contract and not *quantum valebat.*

4. SALES—CONTRACTS—BURDEN OF PROOF.—Where express contract for sale of goods was proved, constructive receipt of the goods was sufficient to show delivery, and no actual receipt need be proved.

Before GAGE and WILSON, JJ., Bennettsville, May, 1913; November, 1914.    Affirmed.

Action by the Buckeye Cotton Oil Company against J. J. Matheson and others, copartners, trading as Matheson Bros., and the Atlantic Coast Line Railroad Company.    Demurrer of the railroad was sustained, that of Matheson Bros. overruled, and judgment was rendered for plaintiff, and Matheson Bros. appeal.

*Messrs. Stevenson, Stevenson & Prince,* for appellants, submit: *Delivery was dependent on payment of sight draft:* 98 S. C. 5; 79 S. C. 158; 72 S. C. 454; 81 S. C. 234; 59 S. C. 158; 35 Cyc. 174. *Variance in pleading and proof:*

FOOTNOTE.—Delivery of goods to carrier for shipment as delivery to purchaser, see 20 A. & E. Ann. Cas. 1027, 39 A. & E. Ann. Cas. 1916a, 1046, 44 L. R. A. (N. S.) 561; effect of retaining control of bill of lading, see L. R. A. 1915b, 537.

87 S. C. 251. *Statute of Frauds:* Civil Code, sec. 3738; 29 Enc. of L. (2d ed.) 837.

*Messrs. Townsend & Rogers,* for respondent: *Delivery to carrier as agent of purchaser:* 30 S. C. 616; 79 S. C. 158; Hale, Carriers, sec. 547; 24 A. & E. Enc. of L. 1050; 6 Cyc. 511; 100 S. C. 135. *Waiver:* 69 S. C. 304. *Executed contract:* 34 S. C. 504; 16 S. C. 384; 36 S. C. 74.

July 3, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellants thus state their case: "This action was brought originally against Matheson Bros. and the Atlantic Coast Line Railroad Company, stating two separate causes of action. Matheson Bros. demurred on the ground that there was a misjoinder, and the railroad company on the ground that the complaint did not state facts sufficient to constitute a cause of action as to it. Judge Gage held that there was only one cause of action, and that against Matheson Bros., and overruled their demurrer and sustained that of the railroad company, and held that delivery of the cottonseed meal to the common carrier in Augusta was delivery to the defendant, and ordered them to answer. They answered. The complaint alleged that Matheson Bros. actually received the goods, and 'that the price of said cottonseed meal and the freight were to be paid by them in cash immediately after the delivery of said meal at Stornoway.' The answer denied delivery and denied orders or contracts with said plaintiff for same, and set up the statute of frauds. Plaintiff put in a contract with C. P. Hodges, and offered proof that the defendants had bought it from Hodges. The bill of lading was sent to the Union Savings Bank in Bennettsville, subject to the order of J. T. Medlin, agent of plaintiff, who attached it to a draft for the purchase

money and presented it for payment. Under the contract relied on, made with Hodges, the terms were 'sight draft with bill of lading attached.' Hence they contemplated the title to the property remaining in plaintiff till delivered and paid for, as alleged in the complaint. There was evidence that the car was delivered on the siding at Stornoway and evidence that it was not, and the defendants asked that the jury be instructed that, under the allegations of the complaint and the admitted facts, the plaintiff could not recover, because no contract in writing was proved, because no delivery was shown or alleged, and because the railroad company was plaintiff's agent to deliver, and it had shown no compliance with the law requiring it to give notice to the consignee. The Judge overruled the motion, and held that, 'The only issue is whether or not it was delivered to the railroad company in Augusta.' Having so instructed the jury, they necessarily found for plaintiff, and the defendants appealed."

There are 14 exceptions, but in argument the appellants state three questions:

1. "When the complaint alleges that liability attaches on delivery at Stornoway and the contract shows that it was to go sight draft, bill of lading attached, plaintiff must show delivery at the place alleged, and, failing in that, it cannot recover. The property is that of the vendor until it is delivered. *Grocery Co.* v. *Elevator Co.,* 72 S. C. 454 (52 S. E. 191, 2 L. R. A. (N. S.) 79, 110 Am. St. Rep. 627, 5 Ann. Cas. 261), and cases cited in support; *State* v. *Malony,* 81 S. C. 234 (62 S. E. 215) ; *Matheson* v. *Railway,* 79 S. C. 158 (60 S. E. 437) ; 35 Cyc. 174."

In *Grocery Co.* v. *Elevator* Co., 72 S. C. 454, 455, 52 S. E. 192, 2 L. R. A. (N. S.) 79, 110 Am. St. Rep. 627, 5 Ann. Cas. 261, this Court says: "In this case, however, it seems by the terms of the bill of lading the goods were deliverable to the consignee. The presumption, therefore, was that the consignor intended the title to pass. *Emery* v. *Irv-*

*ing National Bank* (25 Ohio 360), 18 Am. Rep. 299; 1 Benjamin on Sales, sec. 586. If, therefore, the railroad company had delivered the goods to the consignee without the surrender of the bill of lading and without notice of any reservation of title and possession, it would not be liable to the consignor, though he actually intended to reserve the title and possession until payment of his draft for the price. *Bank* v. *Railway Co.,* 25 S. C. 224. As between the vendor and purchaser the authorities leave no room for doubt, however, that even if the bill of lading provides for delivery to the consignee, yet if the consignor draws for the price attaching the bill of lading to the draft, this is sufficient evidence of his intention to reserve the title and right of possession until the draft is paid, and the consignee is not entitled to the goods until payment. *Emery* v. *Irving National Bank* (25 Ohio 360), 18 Am. Rep. 299; *Chandler* v. *Sprague,* 38 Am. Dec. note at page 419; *Bank of Rochester* v. *Jones* (4 N. Y. 497), 55 Am. Dec. 290; *Cayuga County National Bank* v. *Daniels,* 47 N. Y. 631; *Marine Bank* v. *Wright,* 48 N. Y. 1; *Halsey* v. *Warden,* 25 Kan. 128; *First National Bank of Green Bay* v. *Dearborn* (115 Mass. 219), 15 Am. Rep. 92. That the intention of the shipper as evidenced by his action in respect to the bill of lading is controlling is supported by the elaborate opinions in *Shepard* v. *Harrison,* 23 E. Rul. Cases, 349, especially the opinions of Kelly, C. B., and Lord Chelmsford. Here, according to the statement of the complaint, and the affidavit, not only did the defendant, the consignor, express its intention to reserve the *jus disponendi* by presenting through a bank the draft with the bill of lading attached, but the plaintiff expressed this to be also its understanding of the contract by offering to pay the price, as it claimed to be, as a condition precedent to acquiring possession of the bill of lading, and through it of the flour."

This is a very different case. Here, as in the above authority, the goods were shipped to the defendants, but

28—104

with different surroundings. Here the bill of lading was to Matheson Bros., but the draft was on Medlin, the plaintiff's own agent. Mr. Medlin says, "The draft was on me," and the case fails to show that the payment of the draft in any way affected the delivery. There was a straight bill of lading, with nothing on it to indicate any condition precedent to delivery. The record shows a contract between Mr. Matheson, one of the defendants, and the railroad company, in which the placing of the car on this sidetrack relieved the railroad company of all liability; *i. e.,* was complete delivery. There was nothing to rebut the presumption that title passed on delivery to the common carrier. Indeed, it does not appear that the railroad company could have given a restricted bill of lading to this private siding because, as soon as it reached its destination, it was delivered to the consignee. This proposition cannot be sustained.

2. "Having alleged a contract to sell to the defendants, it was error to show that the plaintiff sold to Hodges and then shipped to defendants. They alleged one contract and attempted to prove another, and they cannot allege a special contract and recover on *quantum valebat.* *Bowen* v. *Johnson,* 87 S. C. 251 (69 S. E. 294), and cases cited."

This proposition cannot be sustained. The plaintiff proved a written contract between Hodges and the plaintiff and a written contract between Hodges and the defendant, and proved by one of the defendants that the meal referred to in the two writings was the same. The recovery was on contract, and not *"quantum valebat."* The writing was sufficient to take the case out of the statute of frauds. A contract may be made up of several writings.

3. "This was a contract for the sale of goods of more than the value of $50, and no writing was either produced or proved as to this 30 tons, and hence it was necessary to prove that the defendants actually received it, and no constructual receipt could avail, and this

was at least a question for the jury.　Yet it was taken from the jury."

This proposition cannot be sustained.　We have seen the contract was made up of two writings, and also that there was evidence of delivery.

The judgment is affirmed.

MR. JUSTICE GAGE, being disqualified, did not participate in the consideration of this case.