10742

COFFEY v. JENKINS

(109 S. E. 117)

CONTINUANCE—ADMITTING THAT ABSENT WITNESS WOULD TESTIFY AS CLAIMED BY DEFENDANT PRECLUDES IMPEACHMENT OF DEFENDANT'S AFFIDAVIT.—On defendant's application for continuance, in compliance with Circuit Court rule 27, where plaintiff agreed to admit the affidavit of defendant that absent witness would testify to certain facts, but not that the testimony was true, plaintiff cannot on the trial impeach defendant's affidavit by introducing an affidavit made by absent witness, 10 days after the collision which was the basis of the action.

Before TOWNSEND, J., Cherokee, Fall term, 1920. Reversed and new trial ordered.

Action by Nessy Coffey against J. F. Jenkins. Judgment for plaintiff and defendant appeals.

The grounds of appeal were as follows:

His Honor, the presiding Judge, erred in admitting the affidavit of John Scruggs over the objections of the defendant on the following grounds, to wit:

(1) Because said affidavit purports to be an ex parte statement of the witness John Scruggs, made at a time and place and under circumstances when the defendant had no opportunity to be present or to cross-examine said witness.

(2) Because the foundation for contradicting said witness was not laid, nor was any notice given, at the time the statement offered by the defendant as to what John Scruggs would testify to, that plaintiff's attorneys had or would not offer the affidavit for the purpose of contradicting the said witness by a different statement made at a different time and place.

(3) Because the affidavit offered by the plaintiff is an impeachment of the testimony of said witness as contained in the statement admitted on the part of the defendant, as it contradicts the statements as contained in defendant's

22—S. C. 117

affidavit, without giving the said witness John Scruggs an opportunity to admit, explain, or deny the apparently contradictory statements, thereby impeaching the witness before the jury in his absence, and without notice or opportunity to give an explanation of the same, and to the injury of the defendant in the cause.

( 4 )   Because the plaintiff, who held the affidavit when the defendant offered the statement of what said witness would testify to, by not giving notice thaat the later affidavit would be offered to contradict the witness, waived the right to contradict said witness by means of said later affidavit, without first having laid the foundation for contradiction.

( 5 )   Because the admission of the said affidavit was injurious to the defense, in that the said ex parte affidavit, offered for the purpose of contradiction and admitted, tended to impeach, and did impeach, and destroy the force and effect of the statement offered by the defendant.

(6)   Because the Court erred in holding that it was impossible to lay the foundation for contradicting the said witness, and therefore the case was an exception to the rule; the error being that, when the defendant offered his statement of what the witness would testify to, the plaintiff had then the right and opportunity to object to the admission of such statement, unless the defendant would also consent that the contradicting affidavit in their possession should also be admitted, and, further, because the impossibility of laying the foundation for contradiction was due to the plaintiff's attorneys, who had the opportunity to keep the defendant's statement of said witnesses' testimony out of the case, except upon the condition that their statement should also be admitted, and that, failing to use their opportunity, they waived the right to have it admitted without a proper foundation having first been laid to contradict said witness.

*Messrs. Bomar & Osborne* and *Butler & Hall,* for appellant, cite: *Testimony of witness cannot be impeached unless proper foundation is laid*: 40 Cyc. 2723-6; 52 S. C. 488; 1 Green Ev. ( 5th Ed. ) Secs. 463-6; 15 S. C. 390; 24 S. C. 195; 16 How. (U. S.) 46; 29 L. Ed. (U. S.) 316; 39 L. Ed. 408-12; 33 L. Ed. 378; 34 L. Ed. 747; 101 S. E. 121. *Exception where notice is given at time that statement in affidavit for continuance will be impeached*: 63 S. C. 123; 10 Mont. 213. *But right must be expressly reserved*: 30 Enc. L. 1126; 63 Miss. 61; 107 La. 573; 30 Ala. 672; 125 Ala. 1; 57 Ark. 287; 19 Ill. App. 46; 22 Iowa 435; 29 Iowa 458; 48 Kan. 421; 59 Kan. 338; 111 Ky. 866; 8 Wash. 272; 41 Ind. App. ·501; 22 Iowa 435; 107 La. 573. *Judgment cannot be sustained on additional grounds of respondent in a law case*: 79 S. C. 54.

*Messrs. John Gary Evans, S. J. Nicholls, C.· C. Wyche* and *Dobson & Vassy,* for respondent, cite: *Opposing party does not admit truth of statement in affidavit for continuance*: Rule 27, Civ. Cts.; 13 C. J., par. 152-4, p. 196; 6 R. C. L. L., par. 32, p. 570; Wigmore Ev., par. 1034; 7 Enc. Ev., p. 41. *Rule of laying foundation for impeachment does not apply where witness is absent*: 63 S. C. 123; 1 Mills 34; 2 Spears L. 637. *Object of old rule was to protect witness*: 24 S. C. 195; 70 S. C. 190; Cheves L. 42. *Within discretion of Court to permit contradiction*: 74 S. C. 12. *Statement of absent witness subject to contradiction*: 3 Fed. Cas. No. 1363; Fed. Cas. No. 8865; 35 Fed. 484; 109 Mass. 169; 18 Penn. Sup. Ct. 559; 187 Pa. 100; 70 Pa. 460; 91 Pa. 108; 66 N. W. 1131 (Neb.) ; 85 N. C. 337; 10 Ky. 465; 117 S. W. 320; 33 Ky. 1108; 30 Am.· Dec. 688; 13 C. J., p. 196; 111 Enc. 843; 7 Col. 87; 19 Vt. 338; 89 Vt. 133; 31 Vt. 443; 66 Ala. 495; 27 Ala. 618; 63 Ala. 113; 2 R. I. 62. *No effort to produce absent witness and plaintiff should not have been forced to admit affidavit as to his testimony*: 48 S. C. 1; 8 Rich. 460; 3

Brev. 303; 48 S. C. 6; 11 S. C. 118; 107 S. C. 412; 67 S C. 250; 82 S. C. 236; 33 S. C. 582; 66 S. C. 449; 66 S C. 402; 78 S. C. 264; 100 S. C. 458; 96 S. C. 443.

October 10, 1921.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for damages on account of alleged personal injury resulting from a collision between a motorcycle driven by the plaintiff and an automobile driven by the defendant. Verdict for plaintiff, and defendant appeals.

Upon the call of the case for trial in the Circuit Court, the defendant moved for a continuance upon the ground that John Scruggs, a material witness, was absent. He had not been subpœnaed for the reason, as counsel orally announced to the Court, that "only a short time before" they had learned that he was out of the State, in North Carolina, and that in the meantime they had been making efforts to locate him without avail, and that for the same reason no deposition had been taken. Counsel for the plaintiff objected to the continuance, and insisted upon a compliance with rule 27. Counsel for defendant then prepared and submitted to the Court an affidavit by the defendant, containing a statement of what the witness Scruggs would testify if he were present, omitting entirely the other essential elements required by the rule. The Court ruled that the plaintiff must admit that the witness would swear to the facts contained in the affidavit or the case would be continued. Counsel for plaintiff stated that they would admit that the witness, if present, would so testify, but not that the testimony was true. The case was then ordered to trial.

As a part of his evidence the defendant offered the affidavit, made by the witness Scruggs on the 30th of September, 1919, 10 days after the collision, totally contradictory of the affidavit by the defendant referred to. Counsel for

defendant objected, upon grounds which will be reported. The Court admitted the affidavit of Scruggs, holding:

"It is impossible to lay a foundation here, and I think it is an exception to the rule requiring the foundation to be laid. So the objection is overruled, and the paper is admitted, because it was impossible under the circumstances of this case to lay the foundation for contradiction?"

The jury rendered a verdict in favor of the plaintiff, and the defendant has appealed, assigning error in the admission of the affidavit. No other point arises in the case.

After a careful investigation of the subject, we have not found a single authority, text-book, or decided case sustaining the admissibility of the evidence. The A. & E. Enc. L., Cyc., Corpus Juris, Ruling Case Law, and cases from Alabama, Arkansas, Colorado, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Mississippi, New York, Ohio, Oklahoma, Tennessee, Virginia, and the Supreme Court of the United States are either directly or with strong implication against it. They may be found under the title "Continuance" and in the case of *National Council v. Owen,* 47 Okl. 464, 149 Pac. 231. Wigmore on Evidence states the admissibility under an ut semble, citing many cases contra, and only one, *Hutmacher v. Charleston Consol. R., Gas & Electric Co.,* 63 S. C. 123, 40 S. E. 1029, as in accord, which does not even inferentially sustain it. The case of *Jeter v. Askew,* 2 Spear, 637, is nowhere cited to sustain the admissibilty, and is far from doing so. The case of *State v. Taylor,* 56 S. C. 360; 34 S. E. 939, decides that contradictory statements alleged to have been made by the deceased are inadmissible against the admitted dying declaration upon the ground that the admission would violate the rule which requires the foundation to be laid. If the lack of an opportunity to cross-examine the witness be the basis of the admission of the testimony, it certainly would apply in such a case.

The *Jeter v. Askew* case is one of a decidedly different complexion. There a witness was allowed to give hearsay testimony—what he heard another person say about the plaintiff. Other testimony in reply from other witnesses, of contradictory statements made ,by the same person, were admitted and sustained by the Court upon very scant consideration. In the Hutmacher case, the testimony was allowed under "particular and exceptional circumstances" arising out of the conduct of opposing counsel whereby the other was led to believe that he ,would be allowed to contradict the witness by written statement, notice of which had been given when he agreed to admit the statement of what the witness would swear, if present, and assented to by opposing counsel. It impliedly holds that, but for this reservation and notice, and assent, the testimony would not have been admissible. The rule is forcibly expressed in 30 A. & E. Enc. L. 1126:

"Where a continuance is sought to procure the attendance of an absent witness, and the adverse party, to avoid the postponement, admits that the witness will testify as stated in the affidavit filed for the purpose, the evidence thus given cannot be discredited on the trial by proof of contradictory statements. The party making the admission cannot be allowed to extricate himself from a situation created by his own voluntary act, in disregard of fixed rules of practice and evidence."

The plaintiff was not compelled to admit anything; he admitted the statement to secure an immediate trial, a matter presumably of advantage to him; he must assume with it the concomitant disadvantages. He could have reserved the right to contradict the witness, and, if the defendant agreed to accept the admissions with this reservation, he could. not afterwards object. It is entirely conceivable that, if the defendant had been notified of the sworn statement of the witness, so flatly contradicting his own affidavit of what he would swear, he would have perferred to go to

trial without his affidavit, and be spared the withering effect of the prior affidavit.

The judgment of this Court is that the judgment of the Circuit Court be reversed and the case remanded to that Court for a new trial.