## 13378

### HANNER v. HILLCREST LAND CO., INC.

(163 S. E., 727)

*Mr. J. D. Kerr, Jr.,* for appellant,

*Messrs. Bomar & Osborne,* for respondent,

April 5, 1932.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The transcript of record contains this statement: "To Messrs. Bomar & Osborne, attorneys for defendant: Please take notice that the plaintiff, R. P. Hanner, intends to and does hereby appeal from the verdict of the Court and jury

in the above styled case and from the order of Hon. T. S. Sease, overruling plaintiff's motion for a new trial, to the Supreme Court of South Carolina, on the grounds and exceptions to be served upon you later."

Respondent's attorneys asked that the appeal be dismissed for that the appeal is not from a judgment, but from a verdict.

This position is well taken. It is the settled rule of this Court that an appeal will not lie from a verdict; it must be from a judgment, and the transcript of record must show that final judgment has been entered. The record in this appeal is defective in this respect.

Section 781, subd. 4, Code Civ. Proc., 1932, prescribes: "Upon appeals to the Supreme Court, in case the attorney for the appellant and respondent shall agree upon a statement of the case as prepared by them for the hearing by the Supreme Court, such statement of the case shall be a sufficient brief of the same."

Section 3 of Rule 4 of the Supreme Court provides that the "Statement," among other things, shall show that "judgment" has been entered. Section 8 of Rule 8 of the Supreme Court declares that the Court will not consider anything which is not contained in the transcript of record.

"Question in respect to point based on alleged facts not shown in transcript of record cannot be considered." *Tunstall v. Lerner Shops,* 160 S. C., 557, 159 S. E., 386.

"It also held that there could be no appeal from a verdict merely; that there must be a judgment." *Molair v. Railway Co.,* 31 S. C., 510, 10 S. E., 243, 244.

"This Court is confined to the consideration of questions presented after a final judgment has been rendered. This is no new question to this Court, for we have held that a final judgment is essential in the hearing of an appeal." *State v. Byars,* 79 S. C., 174, 60 S. E., 448, citing a number of State cases.

"Now, as it does not appear from the papers before us that any such judgment has ever been entered up in the

Circuit Court, it is difficult to conceive how the appellant could prepare his 'case' with exceptions, inasmuch as such 'case' should properly set forth the judgment, or at least state that it had been entered up, and what was its nature." *American Publishing Co. v. Gibbes*, 59 S. C., 219, 37 S. E., 753, 755.

"The case before us fails to show whether any judgment had been entered upon the verdict rendered, and, as this Court has frequently held that it will not consider appeals from a verdict merely, this would be a sufficient ground for a dismissal of the appeal." *Hutmacher v. Railway*, 63 S. C., 124, 40 S. E., 1029, 1030; *All v. Hiers*, 59 S. C., 557, 38 S. E., 157.

"If there was a judgment, it must have been for the balance appearing to be due upon the notes, and from it the defendant may have appealed, basing his appeal upon the ground that his counterclaim had been disallowed. There being no appeal from that judgment, the appellant is not *rectus* in *curia* and his appeal is subject to dismissal." *Bank v. Rizer*, 159 S. C., 453, 157 S. E., 624.

"This Court, of course, in hearing the appeal, assumed that a judgment on the verdict of the jury had been properly entered up in the lower Court; otherwise, the appeal would not have been entertained. Section 3 of Rule 4 of this Court requires the 'Statement' in the transcript of record for appeal to contain 'the date and nature of the order or judgment appealed from.' The appeal in the case should have been only from the judgment, and not from the verdict of the jury." *Durst v. Ry. Co.*, 161 S. C., 498, 159 S. E., 844, 849.

It may seem to be a hard rule which thus penalizes one for his negligence, but so it is written, and in no other way can the business of the Court be conducted in an orderly and expeditious manner.

The appeal must be dismissed. It is so ordered.

Mr. Chief Justice Blease and Messrs. Justices Stabler and Carter concur.