13597

SHERBERT v. SCHOOL DIST. NO. 85, SPARTANBURG COUNTY

(168 S. E., 391)

April, 1931.

*Mr. R. B. Paslay* for appellant.

*Messrs. Lyles & Daniel* and *M. W. Swink,* for respondent,

March 9, 1933.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action for damages for personal injuries. The undisputed facts, briefly stated, are that the defendant, one of the school districts of Spartanburg County, was without a school for white children in 1930, all such pupils living in the district being transported by it by motor bus to a school at Enoree, S. C. The plaintiff, at the time he received his injuries, was about nine years old and a resident of defendant district. On the morning of the accident, he was taken on the bus at the usual place on its route and, with about 20 others, conveyed to the school at Enoree. After all the children were out, the driver, as was his custom, began to back the bus for the purpose of driving it from the school grounds, and the plaintiff, who at the moment was behind it, was struck and painfully injured.

The complaint alleged, *inter alia,* that plaintiff's injuries were caused by the negligent and willful manner in which the defendant drove, backed, and operated its motor bus.

The defendant denied that any of its acts caused the injuries which the plaintiff sustained and alleged that they were due to his own negligence and willfulness.

The case was tried in the Court of Common Pleas for Spartanburg County in April, 1932, and resulted in a verdict for the plaintiff for $1,000.00. The verdict was returned on April 9, the Court adjourned *sine die* on April 23, and on April 30 counsel for the defendant served upon counsel for plaintiff the following notice: "You will please take notice that the defendant, School District No. 85, intends to appeal from the verdict rendered in the above-entitled case to the Supreme Court and will ask that Court reverse and set aside said verdict upon exceptions to be hereafter served upon you."

Later, defendant's counsel served upon counsel for plaintiff a proposed case for appeal, containing the following as a statement of fact: "The case was tried at the March, 1932, term of Court before a jury and resulted in a verdict of One Thousand Dollars in favor of the plaintiff. *This appeal is from the judgment duly entered thereon.*" (Italics added.)

The plaintiff thereafter served upon the defendant the following proposed amendments: (1) Strike out the sentence, "This appeal is from the judgment duly entered thereon"; and (2) insert the following: "Within ten days after rising of the Court at which the verdict was rendered, the appellant's attorney served on respondent's attorneys the following notice, which is the only notice served in respect to an appeal." (And then followed the notice given by the defendant's counsel of intention to appeal above quoted.)

The defendant declined to agree to the proposed amendments and the case was submitted to the trial Judge for settlement. He refused plaintiff's proposed amendment (1) but allowed (2). From this order the plaintiff appeals, alleging that the trial Judge was in error in refusing to allow his first proposed amendment, for the reason that the Court

thereby "forcibly inserted in the statement of facts as an incontrovertible fact a controverted conclusion of law, and virtually undertook to determine against the plaintiff's contention a question he is entitled to present on this appeal."

The main question presented by the appeal of the defendant is whether the Court erred in refusing the motion for a directed verdict, upon the ground that a school district, being a political subdivision of the State and county, is not liable in an action for damages for a tort committed by its officers or agents, as there is no statute expressly creating such liability.

### PLAINTIFF'S APPEAL

We may say, in the first place, that the trial Judge might properly have allowed both the respondent's proposed amendments, with the additional statement of fact, appearing in his order and conceded by defendant, that judgment was actually entered on May 4, 1932, eleven days after the rising of the Court. This would have been sufficient for a determination by this Court of the question whether the appeal taken by the defendant was from the verdict or from the judgment. However, the trial Court, desiring to fully protect the rights of both litigants, refused to strike out the sentence objected to. No harm has been done the plaintiff, however, as this Court will decide the question made independently of the sentence sought to be stricken out, which, in the circumstances, amounts to nothing more than a conclusion of law.

Section 781 of the Code of 1932 contains the following provision: "In every appeal to the Supreme Court from an order, decree or judgment granted or rendered at chambers from which an appeal may be taken to the·. Supreme Court the appellant or his attorney shall, within ten days after written notice that the said order has been granted or decree or judgment rendered, give notice to the opposite party or his attorney of his intention to appeal,

and in all other appeals to the Supreme Court the appellant or his attorney shall, within ten days after the rising of the Circuit Court, give like notice of his intention to appeal to the opposite party or his attorney.   *   *   *"

It is to be noted that this statute does not specify what the notice shall contain other than that it shall advise the opposite party or his attorney of an intention to appeal, and provides that the notice must be given, in such cases as the one before us, within ten days after the rising of the circuit Court. See *Foster v. Telegraph Company,* 77 S. C., 155, 57 S. E., 760. And this notice may properly be given before entry of judgment. *Wallace v. Railway Company,* 36 S. C., 599, 15 S. E., 452.

The contention of the plaintiff here is that, while judgment was entered in this case on May 4, 1932, the defendant stated specifically in its notice, served upon the plaintiff four days prior thereto, that it intended to appeal "from the verdict" and would ask the Supreme Court to "reverse and set aside said verdict"; and that if the language of the notice means anything, it indicates conclusively that it was the intention of the defendant to appeal from the "verdict" and defendant should not now be heard to say that it intended to and did appeal from the judgment rendered.

From a careful study of the statute and our decisions thereabout, we conclude that the position taken by plaintiff is more technical than substantial. As we have indicated, it appears that the purpose of the notice is only to advise the opposite party that an appeal to the Supreme Court is intended; the statute itself prescribes no particular form in which the notice must be given. Our decisions are to the effect that the appeal must be from final judgment and that fact should appear from the transcript of record. We, therefore, think, and so hold, that the fact of the entry of final judgment and not the exact language used in the notice is determinative of the question here raised.

The plaintiff relies upon *Hanner v. Hillcrest Land Company*, 165 S. C., 298, 163 S. E., 727, 728, but we do not think that this decision supports his contention. In that case the plaintiff gave notice of intention to appeal "from the verdict of the Court and jury"; and, while this Court held that an appeal will not lie from a verdict but must be from a judgment, it is clearly indicated in the opinion that, if the transcript of record had shown, which it did not, that final judgment had been entered, the Court would have considered the appeal. Under the facts contained in the transcript of record and admitted in the case at bar as to the entry of final judgment, we hold that the expression, "from the verdict," used in the notice with reference to the appeal, while inapt, is not determinative of the question presented, but should be regarded as surplusage and not be allowed to defeat the appeal. The plaintiff's exceptions, therefore, must be overruled. This also disposes of the motion to dismiss the appeal, made upon the ground that the Court was without jurisdiction to hear it.

### DEFENDANT'S APPEAL

Section 5 of Article 11 of the Constitution directs that the General Assembly shall provide for the division of counties into school districts. Section 5350 of the Code of 1932, enacted in compliance with this provision, provides, *inter alia:* "Every school district now organized, or to be hereafter organized in pursuance of this section, is and shall be a body politic and corporate, by the name and style of school district No. — (such number may be designated by the County Board of Education), of ——— County (the name of the county in which the district is situated), the State of South Carolina; and in that name may sue and be sued, and be capable of contracting and being contracted with to the extent of their school fund. * * *"

The position of the plaintiff is that no statutory permission is necessary to suit against a political subdivision of

the State on contracts or the taking of property without compensation, as such actions may be maintained at common law; and that, if the quoted provision of Section 5350 permitting school districts to be sued means anything, it must necessarily have reference to actions in tort.

This position is not tenable. While it is true that political subdivisions of the State may be sued on their contracts without stautory provision, we do not think that it was the intent of the Legislature, in the enactment of the above-quoted section, to make a school district liable in an action *ex delicto*, as it is not so expressly provided by its terms.

The rule of law in this jurisdiction is thus stated in *Randal v. State Highway Department*, 150 S. C., 302, 148 S. E., 57, 58: "In this State neither the commonwealth, nor any of its political subdivisions, is liable in action *ex delicto* unless made liable by express enactments of the General Assembly, except where the acts complained of, in effect, constituted a taking of private property for public use without just compensation. *Young v. City Council of Charleston*, 20 S. C., 116, 47 Am. Rep., 827; *Mullinax v. Hambright*, 115 S. C., 22, 104 S. E., 309; *Faust v. Richland County*, 117 S. C., 251, 109 S. E., 151; *Derrick v. Columbia*, 122 S. C., 29, 114 S. E., 857; *Kneece v. Columbia*, 128 S. C., 375, 123 S. E., 100."

As this rule applies to school districts, and as it does not appear that such districts are made liable in actions *ex delicto* by any express enactment of the Legislature, it follows that the defendant's motion for a directed verdict should have been granted.

The judgment of the Circuit Court is reversed and the case remanded to that Court, with instructions that judgment be entered up for the defendant under Rule 27 of this Court.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM concur.